FRANCISCO A. FRANCESCHI, Plaintiff and Appellant, *v.* FRANCISCO FOURNIER, Defendant and Appellee.

No. 4058.  Argued April 5, 1927.—Decided July 14, 1927.

*Pedro G. Quiñones* for the appellant.  *Francisco Soto Gras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Francisco A. Franceschi was riding on a Sunday afternoon in a motorbus which collided with an automobile driven by the appellee at the corner of Canals street, Santurce, and the road leading to Río Piedras.  As a result of the accident Franceschi was bruised in his right arm and side and in his action to recover damages alleged that the accident occurred because the defendant had emerged from Canals street without blowing the horn and at great speed.

The defendant denied the allegations of the complaint and after a trial judgment was rendered against the plaintiff.

In this appeal the plaintiff assigns the following errors:

"1. The district court committed manifest error in weighing the evidence.

"2. The district court committed manifest error in finding the defendant and appellee not guilty of negligence in the accident which gave rise to this suit.

"3. The district court committed error in dismissing the complaint in this case.

"4. The district court committed error in taxing the costs against the plaintiff."

We may consider the first three assignments together, for they are so intimately related that the second and third are a consequence of the first.

The ground for the judgment of the trial court was the conflict in the evidence introduced at the trial. The evidence of the plaintiff tended to show that the automobile driven by the defendant had emerged from Canals street toward the road at great speed and collided with the bus, while the evidence of the defendant tended to show that when emerging from Canals St. the automobile came to a stop partly on the street and partly on the road, at a moment when two jitneys were racing and one of them collided with the automobile. The conflict in the evidence was adjusted in favor of the defendant from the photographs of the automobile taken after the accident showing that the automobile was struck at the middle of the left side without having been damaged in front, the conclusion being, therefore, that the accident had not been due to the fault or negligence of the defendant.

Really the evidence was contradictory and we do not see that the court erred in adjusting the conflict, especially if we take into account that the automobile of the defendant suffered damages in the middle of its left side and none in front, as shown by the photographs which appear in the record. There is the further fact that the jitney suffered damages in its front part, as testified by Pablo Casiano, a traffic police corporal on duty there, who stated that the hood and the mud-guard of the jitney had been bent. George Castro, the mechanic who repaired the jitney, testified that it had among other things the radiator and its guard broken

and its front axle bent, and Fernando Bermúdez, one of the passengers in the jitney, testified that the collision was against the front part of the jitney, all of these witnesses having been called by the plaintiff.

The fact that the appellee pleaded guilty in a criminal prosecution for violation of the Automobiles Act on account of that accident has no weight in a civil action for reaching the conclusion therefrom that judgment should be rendered against him in this suit. Nor is there importance in the fact that while the defendant alleged in his sworn answer that he had blown the horn, he said nothing in that respect when testifying at the trial, as such omission does not imply a contradiction in his answer, as alleged by the appellant.

As we see no reason for modifying the findings of the lower court in adjusting the conflict in the evidence, we must uphold its conclusion that the accident was not due to the fault or negligence of the appellee, and its imposition of costs.

The judgment appealed from must be affirmed.